## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Daylily Farms Inc., a Massachusetts Corporation | ) | |
| , The Bagel Authority, Inc. | ) | |
| a Massachusetts Corporation, | ) | |
| Martha's Management, Inc., a Massachusetts | ) | **CIVIL ACTION** |
| Corporation, Jerry Wiener, M.V. Brothers Inc., | ) | **NO:** |
| a Massachusetts Corporation, Tropicana, Inc. | ) | |
| a Massachusetts Corporation, Joaquin Da Silva, | ) | **04  11002 GAO** |
| | ) | |
| **PLAINTIFFS** | ) | MAGISTRATE JUDGE |
| | ) | |
| v | ) | |
| | ) | |
| Elaine L. Chao, United States Department of Labor, | ) | **Plaintiffs' Verified Complaint** |
| Employment and Training Administration, | ) | **for Declaratory Judgment and** |
| United States of America | ) | **Injunctive Relief (Injunctive** |
| **And** | ) | **Release Sought)** |
| Eduardo Aguirre, Jr., Director, | ) | |
| United States Citizenship and Immigration Services | ) | |
| United States Department of Homeland Security, | ) | |
| United States of America | ) | |
| **And** | ) | |
| Alice Sweeney, Director, | ) | |
| Division of Career Services, | ) | |
| Department of labor and Workforce Development, | ) | |
| Commonwealth of Massachusetts | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. F.O.M
DATE 5/18/04

### PRELIMINARY STATEMENT

1.  This is a civil action for declaratory and injunctive relief, sought by the Plaintiffs, arising

    under Article III, Section 2 of the United States Constitution, equity jurisdiction, in

    conjunction and alternatively with 28 U.S.C sections 2201-2202, Uniform Declaratory

    Judgment Act and Federal Rules of Civil Procedure, Rules 57 and 65. The Plaintiffs are

    penalized by a process established by the Defendants, perhaps through inadvertent, that

prevents them from obtaining Non-Immigrant Visas, (seasonal, peak season and onetime event) (H2B) causing irreparable harm to them in their business.

2.  In this case, the Defendants, United States Department of Labor, Employment and Training Administration, Foreign Labor, working with, the Commonwealth of Massachusetts, Division of Career Services, Department of Labor and Workforce Development created a system of preferential treatment for certain citizens to the irreparable harm of the Plaintiffs in distributing the sixty – six thousand (66,000) Non-Immigrant Visas (H2B).

3.  The Defendants allowed certain citizens in the same class to begin the three-step application process to obtain an H2B visa on June 1, 2003 while preventing the Plaintiffs from beginning the application process until November 15, 2003.  The four and one half months (4 ½) lost by the Plaintiffs prevented them from obtaining an H2B visa prior to the numerical cap of 66,000 having been reached.

4.  The Plaintiffs seek Declaratory Judgment and Injunctive Relief claiming that the H2B process is flawed, resulting in an inequitable and unconscionable preference to others in the same class and causing them irreparable harm.  The plaintiffs request this Court to provide the Plaintiffs injunctive relief by ordering the Defendants to continue issuing Non-Immigrant Visas.


## JURISDICTION AND VENUE


5.  This case arises under the United States Constitution, Article III, section 2, The judicial power shall extend to all Cases, in Law and in Equity, arising under this Constitution... and general injunctive relief, Rule 65 of the Federal Rules of Civil Procedure.

6. Declaratory judgments are provided for in the Declaratory Judgment Act, Title 28, Part VI, Chapter 151, Section 2201 and 2202," **any court** of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration…" and Rule 57 of the Federal Rules of Civil Procedure.

7. Jurisdiction is founded on the **existence of a question arising under the following statutes, regulations and policies.** Immigration and Nationality Act (INA) section 101(a)(15)(H)(ii)(b) definitions; 8 CFR 214.2(h) Temporary Employees; 20 CFR Part 655, subpart A; GAL number I-95, Procedures for H2B Temporary Labor Certification in Non-agricultural Occupations; Field Memorandum 25-98; Training and Employment Guidance Letter number 12-03.

8. Venue is proper; Plaintiffs resided and/or have their principal place of business within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

9. The Plaintiffs, Daylily Farms Inc., a Massachusetts Corporation, Cars Unlimited Inc., a Massachusetts Corporation, Tarcisio Oliveira, The Bagel Authority, Inc. ,a Massachusetts Corporation, Brewer Tree and Land Co. Inc, a Massachusetts Corporation, Martha's Management, Inc., a Massachusetts Corporation, Jerry Wiener, M.V. Brothers Inc., a Massachusetts Corporation, Tropicana, Inc., a Massachusetts Corporation, Joaquin Da Silva,, and BBI, Corp., a Massachusetts Corporation (herein "Plaintiffs")

10. The Defendants, Elaine L. Chao, United States Department of Labor, Employment and Training Administration, United States of America (herein "Defendant DOL"), **And** Eduardo Aguirre,

**verified complaint**                                             3

Jr., Director, United States Citizenship and Immigration Services, United States Department of Homeland Security, United States of America (herein "Defendant CIC"), **And** Alice Sweeney, Director, Division of Career Services, Department of labor and Workforce Development, Commonwealth of Massachusetts (herein "Defendants SWA")

## FACTS

11. The H2B Visa program permits employers to hire foreign workers to come to the United States and perform temporary nonagricultural work that may be one time, seasonal, peak load or intermittent.

12. A numerical cap for Fiscal Year 2004, October 1, 2003 through September 30, 2004 out of sixty-six thousand (66,000) H2B visa petitions.

13. On March 9, 2004, Defendant CIS ceased accepting new H2B visa petitions having reached the numerical cap for Fiscal Year 2004.

14. The Defendant CIS made this information public on its web site and publishing in the Federal Register on March 16, 2004. Attached please find a copy of the memorandum from the Secretary of State to the consulate posts, **marked exhibit A.**

15. The Plaintiffs' petitions for H2B visas were rejected by Defendant CIS because it had received sufficient numbers of petitions" to reached the numerical limitation for FY ES 2004 prior to receiving your petition".

16. The rejection notice from Defendant CIS went on to read, " Petitioners may not seek a labor certification from DOL **earlier than 120 days before** the temporary worker is needed, which would be **no earlier than June 1, 2004 four and October 1, 2004 starting date** (emphasis added). See DOL General Administration Letter (GAL) 01-95".

**verified complaint**                                    4

Attached please find a copy of GAL 01-95 in an example of the rejection notice received by Plaintiffs, Daylily Farms, Inc. marked **exhibit B and exhibit C** respectively.

17. The H2B visa process has three parts.  The first part of the process is to file form ETA 750, Application for Alien Labor Certification in duplicate, with Defendant SWA containing the requirements of 20 CFR Chapter V., Section 652 and 655.  The second part of the process is a Defendant SWA sends a copy of Form ETA to Defendant DOL WHO issues a Final Determination that allows or denies certification of the job position. The third part of the process is that the petitioner (prospective employer) sends to Defendant CIS the Final Determination and a Petition for Nonimmigrant Worker (H2B) visa. Part of the regulations are attached to show more details of the Defendants responsibilities and are marked **exhibit D**

18. A policy evolved. between the Defendant DOL, Massachusetts region and Defendant SWA, Massachusetts establishing the **dates of need** for H2B temporary employees on **Cape Cod, Massachusetts and Martha's Vineyard Island, Massachusetts** to be from **March 15, 2004 to December 15, 2004.  The Plaintiffs are subject to this policy.**

19. Defendant SWA and Defendant DOL **prohibited the Plaintiffs** and others in these locations **from beginning the H2B process before November 15, 2004**, 120 days prior to the employers need for employees, **as determined by the defendants,** unless there is an unusual circumstance. The Defendants while prohibiting the plaintiffs from beginning the H2B process before November 15, 2003 allowed other citizens in the same class to begin applying for the for the same group of 66,000 visas on June 1, 2003.

20. The 4 1/2 months lost between June 1, 2003 when others could begin applying for the visas and November 15, 2003 when the Plaintiffs could begin applying prevented them from obtaining visas prior to the numerical cap being reached

**verified complaint**                                         5

21. The Plaintiffs are suffering irreparable harm by not having the necessary workforce and they have no adequate remedy at law. The level of anticipated irreparable harm can be seen by the many articles in the Cape Cod Times newspaper. The Memorial Day weekend, the official beginning of summer, is just three weeks away. The summer season is here. The Plaintiffs requests that the Court declare that the Defendants' (DOL and SWA) policy in implementing theH2B process is unconstitutional and inequitable. Defendant CIS is so anchored to the flawed process that it cannot be considered independent. The Plaintiffs request the Court to order the Defendant, United States Citizenship and Immigration Service to issue H2B visas and request the full cooperation of the Consulates and Embassies in expediting the employees to this country without the usual delays for FY 204.

WHEREFORE, the Plaintiffs respectfully pray this Court to:

1. Declare that the regulatory scheme and policies of the Defendants violate Article III, Section 2 of the United States Constitution and 28 USC Section 2201-2202, Uniform Declaratory Judgment Act.

2. Declare that the regulatory scheme and policy of the Defendants is inequitable and unconstitutionally preferential and should not be applied to the Plaintiffs.

3. Declare that the Court will grant relief under its equity jurisdiction and provide the Plaintiffs injunctive relief.

4. Issue a Temporary Restraining Order (TRO) ordering Defendant CIS, United States Citizenship and Immigration Services to resume processing and issuing H2B visas to the Plaintiffs that were issued a priority number by the Defendant SWA onor before March 9, 2004.

**verified complaint**                    6

5. Issue the Temporary Restraining Order (TRO), **without notice**, due to the **exigent circumstances** presented to the court.

   A  The Court being convinced that the Plaintiffs are and will suffer irreparable harm by delaying the Temporary Order until an additional 10 days notice can be given to the Defendants

   B.  The Plaintiffs are beyond the optimum time to prepare for the season and have fallen behind in their ability to provide services.

   C.  The population of Martha's Vineyard increases from the Winter Census of approximately 15,000 people to a summer Census of approximately 110,000 people.  Without the workforce provided by seasonal workers from other countries is impossible for the Plaintiffs to meet the demand.

   D.  The regulatory scheme and policies of the Defendants are clearly unconstitutional and inequitable in providing preference to others in the same class and therefore there is a strong likelihood that the Plaintiffs will succeed on the merits.

   E.  The Plaintiffs will suffer hardship far in excess of any the Defendants will suffer as a result of the issuance of the Temporary Restraining Order.  To the contrary, this is a situation where the Defendants will benefit from the issuance of the Temporary Restraining Order by better serving the tourism industry.

   F.  The public will not suffer substantial harm into the contrary will benefit by the Temporary Restraining Order by being better served.

   G.  The Plaintiffs have no adequate remedy at law.

6.      Grant the Plaintiffs such other relief as the Court may deem just inequitable,

**verified complaint**                                      7

including attorney's fees and costs. including attorney's fees and costs

## VERIFICATION

I, affirmed under the penalties of perjury that the foregoing statements in the Verified

Complaint are true

Dated: May 4, 2004

Wayne Arruda, President
Daylily Farm, Inc.

Respectfully Submitted,

Dated: May 4, 2004

Alan R. Finer
Attorney for the Plaintiffs
BBO # 165460
P.O. Box 2367
Vineyard Haven, MA 02568
(508)693-5062

**verified complaint**                                                8