THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Daylily Farms Inc., a Massachusetts Corporation,<br>The Bagel Authority, Inc., a Massachusetts<br>Corporation, Jerry Wiener,<br>Joaquin Da Silva dba M.V. Brothers Painters<br>Antonio Silva dba Tropical Caterers<br><br>**PLAINTIFFS**<br><br>v<br><br>Elaine L. Chao, United States Department of Labor,<br>Employment and Training Administration,<br><br>**And**<br>Eduardo Aguirre, Jr., Director,<br>United States Citizenship and Immigration Services<br>United States Department of Homeland Security,<br>United States of America<br>**And**<br>Alice Sweeney, Director,<br>Division of Career Services,<br>Department of labor and Workforce Development,<br>Commonwealth of Massachusetts<br><br>**DEFENDANTS** | **CIVIL ACTION NO.**<br>**04 11002 GAO**<br><br><br><br><br><br><br><br><br>**Plaintiffs' Motion for (EMERGENCY)**<br>**Temporary Restraining Order and**<br>**Injunctive Relief (Preliminary and**<br>**Permanent Injunction) AMENDED** |

**Plaintiffs Motion for (Emergency) Temporary Restraining Order Resulting from Exigent Circumstance without Timely Notice and Injunctive Relief (Preliminary and Permanent Injunction)**

**BACKGROUND INFORMATION**

- Pursuant to the Federal Rules of Civil Procedure, Rule 65, The Plaintiffs, Daylily Farms Inc., a Massachusetts Corporation, The Bagel Authority, Inc., a Massachusetts Corporation, Martha's Management, Inc., a Massachusetts Corporation, Jerry Wiener, Joaquin Da Silva dba M.V. Brothers, Antonia Da Silva dba Tropical Caterers, (herein "Plaintiffs"), seek a **Temporary Restraining Order** mandating the Defendants, Elaine L. Chao, United States Department of

1

Labor, Employment and Training Administration, United States of America (herein "Defendant DOL"), **And** Eduardo Aguirre, Jr., Director, United States Citizenship and Immigration Services, United States Department of Homeland Security, United States of America (herein "Defendant CIS"), **And** Alice Sweeney, Director, Division of Career Services, Department of labor and Workforce Development, Commonwealth of Massachusetts (herein "Defendants SWA") **to continue processing and issuing H2B Temporary Non-Agriculture visas.**

- Pursuant to Federal Rules of Civil Procedure, Rule 65, a verified complaint accompanies this Motion showing clearly from the facts that the Plaintiffs will suffer immediate and irreparable injury, loss or damage resulting to the applicant before the adverse party or that party's Attorney can be heard in opposition.

- Pursuant to Federal Rules of Civil Procedure, Rules 65, the **attorneys Certification** accompanies this Motion. The Plaintiffs, through counsel, gave written and oral notice to the Defendants and/or counsel but **not as required** by the Federal Rules of Civil Procedure.

## FACTS

1. The Plaintiffs, Temporary Seasonal Employers, were denied H2B visas and that has and will continue to cause major impact on their small business and small entities.

2. The H2B Visa program permits employers to hire foreign workers to come to the United States and perform temporary nonagricultural work that may be one time, seasonal, peak load or intermittent.

3. The numerical cap for H2B Visa Petitions for Fiscal Year 2004, October 1, 2003 through September 30, 2004 is sixty-six thousand (66,000).

4. The Plaintiffs were treated differently by the Defendants, as others in the same class, without any reasonable basis. Other Petitioners were preferentially allowed to begin applying for H2B visas on June 1, 2003, while the Plaintiffs were prohibited from commencing their application until November 15, 2004.

5. A policy evolved. between the Defendant DOL, Massachusetts region and Defendant SWA, Massachusetts establishing the **dates of need** for H2B temporary employees on **Cape Cod, Massachusetts and Martha's Vineyard Island, Massachusetts** to be from **March 15, 2004 to December 15, 2004. The Plaintiffs are subject to this policy.** Defendant SWA and Defendant DOL **prohibited the Plaintiffs** and others in these locations **from beginning their H2B process before November 15, 2004**, 120 days prior to the employers need for employees, **as determined by the defendants**, unless there is an unusual circumstance. Other citizens in the same class to were allowed to begin applying for the same group of 66,000 visas on June 1, 2003.

6. That there is a rational reason to wait until 120 days before an employee is needed to test the market in order to have accurate market information does not provide a rational reason to discriminate within the class. The problem is that it creates a **classification** that violates equal protection under the Fifth Amendment to the United States Constitution, Article III, section 2 equity jurisdiction provided in the Constitution, The Declaratory Judgment Act, the Regulatory Flexibility Procedures Act and Presidential Executive Order – 13272, by preventing all people in the class to apply for the H2B process at the same time. Some people were allowed to apply as early as June 1, 20003. The Plaintiffs were prohibited form applying until November 15, 2003. There is no reasonably conceivable state of facts that can provide a rational basis for this classification. The regulations and policies of the Defendants violates the United States Constitution by discriminating within the class of **Temporary Seasonal Employers.**

7. The 4 1/2 months lost between June 1, 2003 when others could begin applying for the visas and November 15, 2003 when the Plaintiffs could begin applying prevented them from obtaining visas prior to the numerical cap being reached.

8. On March 9, 2004, Defendant CIS ceased accepting new H2B visa petitions having reached the numerical cap for Fiscal Year 2004. **(Exhibit A).** The rejection notice from Defendant CIS reads, " Petitioners may not seek a labor certification from DOL **earlier than 120 days before**

3

the temporary worker is needed, which would be **no earlier than June 1, 2004 for an October 1, 2004 starting date** (emphasis added). See DOL General Administration Letter (GAL) 01-95". Attached please find a copy of GAL 01-95 in an example of the rejection notice received by Plaintiffs, Daylily Farms, Inc. **(Exhibit B and C respectively)**

9. The Defendants are obligated to correct this problem. In Fiscal year 2002 - **86,987 H2B visas were issued (Exhibit D).** The **defect in the regulation** is easily corrected by having all people in the class commence application on June 1and receive a "priority number" even though a Petitioner can not test the market until one hundred twenty (120) days prior to their period of need as instructed by Defendant SWA.

10. The Defendant CIS made this information public on its web site and publishing in the Federal Register on March 16, 2004. Attached please find a copy of the memorandum from the Secretary of State to the consulate posts. **(Exhibit A)**

11. The Plaintiffs have received or anticipate receiving a rejection notice of their H2B petitions from Defendant CIS.

12. The H2B visa process has three parts. The first part of the process is to file form ETA 750, Application for Alien Labor Certification in duplicate, with Defendant SWA containing the requirements of 20 CFR Chapter V., Section 652 and 655. The second part of the process is a duplicate is sent by Defendant SWA to Defendant DOL who issues a Final Determination that allows or denies certification of the job position. The third part of the process is that the petitioner (prospective employer) sends to Defendant CIS the Final Determination (from Defendant DOL) and a Petition (I-129) for Nonimmigrant Worker (H2B) visa. **(Exhibit E)**

13. The Plaintiffs are suffering irreparable harm by not having the necessary workforce and they have no adequate remedy at law. The level of anticipated irreparable harm can be seen by the many articles in the Cape Cod Times newspaper and others attached **(Exhibit F)**. The Memorial

4

Day weekend, the official beginning of summer, is two weeks away. The summer season is here.

14. The Plaintiffs requests that the Court, under the authority of the United States Constitution, Due Process Clause of the Fifth Amendment (and the equal protection principles it incorporates), Article III, section 2, The judicial power that extends to all Cases, in Law and in Equity, arising under this Constitution... and general injunctive relief, Rule 65 of the Federal Rules of Civil Procedure. Declare that the Defendants' (DOL and SWA) policy in implementing theH2B process is unconstitutional and inequitable.

15. Declaratory judgments are provided for in the Declaratory Judgment Act, Title 28, Part VI, Chapter 151, Section 2201 and 2202," **any court** of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration..." and Rule 57 of the Federal Rules of Civil Procedure.

16. Jurisdiction is founded on the **existence of a question arising under the following statutes, regulations and policies.** Immigration and Nationality Act (INA) section 101(a)(15)(H)(ii)(b) definitions; 8 CFR 214.2(h) Temporary Employees; 20 CFR Part 655, subpart A; GAL number I-95, Procedures for H2B Temporary Labor Certification in Non-agricultural Occupations; Field Memorandum 25-98; Training and Employment Guidance Letter number 12-03. the United States Constitution, Due Process Clause of the Fifth Amendment (and the equal protection principles it incorporates), Article III, section 2, The judicial power that extends to all Cases, in Law and in Equity, The Regulatory Flexibility Act and Executive Order – 13272.

17. Defendant CIS is so anchored to the flawed process that it cannot be considered independent. The Plaintiffs request the Court to order the Defendant, United States Citizenship and Immigration Service to issue H2B visas and request the full cooperation of the Consulates and Embassies in expediting the employees to this country without the usual delays for FY 2004.

**Presidential Documents**

**Executive Order 13272 of August 13, 2002**

**Proper Consideration of Small Entities and agency rulemaking**

**Federal Register -Volume 67, Number 159**

**Exhibit G**

20. " By the authority vested in me as President by the Constitution and the laws of the United States of America, is hereby ordered as follows:

    **Section 1.** General Requirements. Each agency shall establish procedures and policies to promote compliance with the Regulatory Flexibility Act as amended (5 USC 601 et seq.) (the "Act"). Agencies shall thoroughly review draft rules to assess and take appropriate account of the **potential impact on small business, small governmental jurisdictions, and small organizations as provided by this act. "** (emphasis added).

21. The plaintiffs have suffered severe impact as a result of the Defendant's DOL failure to adhere to the Regulatory Flexibility Act.

    **The Regulatory Flexibility Act of 1980, as amended, is taken from Title 5 of The United States Code -- sections 601 -612. The Act was amended by the Small Business Regulatory Enforcement Fairness Act of 1996**
    **(Exhibits H and I)**

22. Small Business Regulatory Fairness, section 202. FINDINGS. Congress finds that: 1. a vibrant and growing small business sector is critical to creating jobs in a dynamic economy. 2. small businesses bears a disproportionate share of regulatory costs and burdens; 3. fundamental changes that are needed in the regulatory and enforcement culture of Federal agencies to make agencies more responsive to small business can be made without compromising the statutory missions of agencies; 4. three of the top recommendations of the 1995 White House Conference on Small Business involving forms in the way government regulations are developed and

enforced, and reductions in government paperwork requirements; 5. The requirements of chapter six of title five, United States code, have to often been ignored by government agencies, resulting in greater regulatory burdens on small entities and necessitated by statute; and 6. Small entities should be given the opportunity to seek judicial review of agency actions required by Chapter six of title five, United States Code. Section 242. **Judicial Review (Exhibit J)**

23. The Defendant DOL failed to address the policy that is the subject matter of this Temporary Restraining Order, specifically its policy regarding application dates for filing ETA – 750 in its review of Foreign Labor Certification Policies and Regulation – Notice of Proposed Rulemaking. **(Exhibit K)** and can be reviewed by this Court.

**WHEREFORE**, Plaintiffs respectfully pray this Court to grant the following **relief:**

- Issue the Temporary Restraining Order (TRO), **without notice**, due to the **exigent circumstances:**

A. The Court being convinced that the Plaintiffs are and will suffer irreparable harm by delaying the Temporary Order until an additional 10 days notice can be given to the Defendants.

1. The Plaintiffs are beyond the optimum time to prepare for the season and have fallen behind in their ability to provide services. The Plaintiffs are suffering irreparable harm by not having the necessary workforce and they have no adequate remedy at law. The level of anticipated irreparable harm can be seen by the many articles in the Cape Cod Times newspaper **(Exhibit F)**. The Memorial Day weekend, May 31, 2004, the official beginning of summer, is just two weeks away. The summer season is here.

2. The population of Martha's Vineyard increases from the Winter Census of approximately 14,000 people to a summer population of approximately 105,500 people. Without the workforce provided by seasonal workers from other countries is impossible for the Plaintiffs to meet the demand. **(Exhibit L).**

3. The regulatory scheme and policies of the Defendants are clearly unconstitutional and inequitable in providing preference, **with no rational reason,** to others in the same class and therefore there is a strong likelihood that the Plaintiffs will succeed on the merits.

4. "The history of American freedom is, in no small measure, the history of procedure"(Felix Frankfurter)

5. The Plaintiffs will suffer hardship far in excess of any that of the Defendants. The Defendants will not suffer as a result of the issuance of the Temporary Restraining Order. To the contrary, this is a situation where the Defendants will benefit from the issuance of the Temporary Restraining Order by better serving the tourism industry.

6. The public will not suffer substantial harm and to the contrary will benefit by the Temporary Restraining Order by being better served.

B   The Plaintiffs request that this Court issue a Temporary Restraining Order and hold a hearing on the Plaintiffs' Motion for Preliminary injunction within ten (10) days from the date of signing the Temporary Restraining Order.

C.   Declare that the regulatory scheme and policies of the Defendants violate Fifth Amendment to the United States Constitution, Article III, Section 2 of the United States Constitution and 28 USC Section 2201-2202, Uniform Declaratory Judgment Act, and/or does not conform to the Regulatory Flexibility Act

8

      Procedures, Small Business Regulatory Fairness Act and Executive Order – 13272.

D    Declare that the regulations and policies of the Defendants are inequitable and unconstitutionally with no rational basis and contrary to the laws of Congress and the order of the President.

E.    Declare that the Court will grant relief under its equity jurisdiction and provide the Plaintiffs injunctive relief.

F    Issue a Temporary Restraining Order (TRO) mandating Defendant CIS, DOL and SWA to resume processing and issuing H2B visas to the Plaintiffs that were issued a priority number by the Defendant SWA on/or before March 9, 2004.

May 16, 2004

Respectfully submitted,

*[signature]*

Alan R. Finer
Attorney for the Plaintiffs
BBO # 165460
218 Franklin Street
P.O. Box 2367
Vineyard Haven, MA 02568
(508) 693 - 5062